IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-680-D

| | |
|---|---|
| DANIEL D. WILLIAMS, and ) | |
| PATTIE D. WILLIAMS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |

On October 5, 2012, Daniel D. Williams and Pattie D. Williams (collectively "plaintiffs"), proceeding pro se, filed a "request to appeal [in] forma pauperis" together with copies of documents concerning a foreclosure proceeding in the Nash County Superior Court [D.E. 1, 1-1]. On December 26, 2012, at the direction of the court [D.E. 2], plaintiffs filed amended motions to proceed in forma pauperis [D.E. 3–4]. On the same date, plaintiffs filed a form complaint asserting "federal question of discrimination due to personal bias" based on purported deficiencies in the state-court proceeding, and naming as defendants BLB Trading ("BLB"), the State of North Carolina ("the State"), and Nash County [D.E. 5]. On January 8, 2013, the clerk issued summonses [D.E. 11]. On March 26, 2013, plaintiffs moved for entry of default [D.E. 18]. Defendants BLB and the State have responded in opposition [D.E. 24–25].

On March 12 and April 4, 2013, defendants BLB and the State filed motions to dismiss [D.E. 15, 20]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiffs about the motions to dismiss, the consequences of failing to respond, and the response deadline [D.E. 17, 23]. On April 29, 2013, plaintiffs responded in opposition [D.E. 27–28]. On May 9, 2013, the State filed a reply [D.E. 29]. On May 20, 2013, plaintiffs filed a sur-reply

(captioned as an amended response) [D.E. 30]. On September 18, 2013, plaintiffs filed a motion for order of protection [D.E. 32]. As explained below, the court denies plaintiff's motions and grants the motions to dismiss.

I.

Plaintiffs' complaint relates to a quiet title, deed reformation, and judicial foreclosure action that defendant BLB filed against them in Nash County Superior Court. See [D.E. 1-1] 1 (BLB "was seeking a declaratory judgment and was awarded such by the honorable Judge Godwin"). On August 11, 2012, following a hearing, the state court granted summary judgment to BLB on all claims in its complaint. See id. at 4–8 (copy of state court order). Plaintiffs assert that they "were not given a fair and impartial hearing" and state that they are "appealing the judgment based on factual evidence of 'Fraud'" which was "excluded by objection from [BLB]'s counsel and [s]ustained by the court." Id. at 1; see also [D.E. 5] 2 (alleging that plaintiffs "alleged, proved and described 'fraud,' yet went unheard by the state court . . . . due to bias and favor of BLB"). Plaintiffs seek "[a] minimum of $4,000,000.00" in damages [D.E. 5] 3.

The moving defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6). State Mot. Dismiss [D.E. 15] 1; BLB Mot. Dismiss [D.E. 20] 1. A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). Thus, the court first addresses subject-matter jurisdiction.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). Because plaintiffs assert that this

2

court has subject-matter jurisdiction, they must prove that subject-matter jurisdiction exists. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647.

The moving defendants argue that the Rooker-Feldman doctrine bars plaintiffs' federal claims. See Mem. Supp. State Mot. Dismiss [D.E. 16] 5–7; Mem. Supp. BLB Mot. Dismiss [D.E. 21] 6. The Rooker-Feldman doctrine prohibits a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005 (1994); see Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quotation omitted). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." Washington, 407 F.3d at 279 (quoting D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983)). Moreover, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Rooker-Feldman doctrine encompasses "not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000) (quotation omitted). Rooker-Feldman "reinforces the important

3

principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." Id. (quotation omitted). "The doctrine [also] preserves federalism by ensuring respect for the finality of state court judgments." Washington, 407 F.3d at 279.

The Rooker-Feldman doctrine is a "narrow doctrine." Lance v. Dennis, 546 U.S. 459, 464 (2006). The doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see Skinner v. Switzer, 131 S. Ct. 1289, 1297 (2011). For the doctrine to apply, the party seeking relief in federal court must be asking the federal court to "'reverse or modify' the state court decree." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (quoting Exxon Mobil, 544 U.S. at 284). Accordingly, the court "examine[s] whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); see Washington, 407 F.3d at 280.

Here, plaintiffs challenge the state-court judgment against them. In fact, they even captioned their initial filing as a "request to appeal[.]" See [D.E. 1] 1. This court lacks subject-matter jurisdiction to sit in direct review of North Carolina's trial courts, which includes the decision of a state court judge in a state foreclosure action. See, e.g., Brown & Root, Inc., 211 F.3d at 199; Jordahl v. Democratic Party of Va., 122 F.3d 192, 202–03 (4th Cir. 1997); Pitts v. U.S. Hous. & Urban Dev., No. 5:12-CV-72-D, 2013 WL 214693, at *3 (E.D.N.C. Jan. 18, 2013) (unpublished), aff'd, 2013 WL 5912517 (4th Cir. Nov. 5, 2013) (per curiam) (unpublished); Adolphe v. Option One

4

Mortg. Corp., No. 3:11-cv-418-RJC, 2012 WL 5873308, at *4 (W.D.N.C. Nov. 20, 2012) (unpublished); Watkins v. Clerk of Gaston Cnty. Super. Ct., Civil Action No. 3:12-CV-033-RJC-DCK, 2012 WL 5872751, at *5–6 (W.D.N.C. July 10, 2012) (unpublished), report and recommendation adopted, 2012 WL 5872750, at *4–6 (W.D.N.C. Nov. 20, 2012) (unpublished).

Alternatively, to the extent that plaintiffs' federal claims are not "inextricably intertwined" with a state court decision, plaintiffs have failed to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

To the extent that plaintiffs assert any claim pursuant to 42 U.S.C. § 1983, "[t]o state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Filarsky v. Delia, 132 S. Ct. 1657, 1661–62 (2012); Philips, 572 F.3d at 180. Additionally, a section 1983 plaintiff must

5

allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Negligence claims largely are not actionable under section 1983. See Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Pink v. Lester, 52 F.3d 73, 77–78 (4th Cir. 1995). Moreover, section 1983 does not impose liability for violations of duties of care arising under state law. See, e.g., DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 201–02 (1989).

Plaintiffs have failed to plausibly identify any violation of the United States Constitution. To the extent plaintiffs assert that any of the acts they complain of were discriminatory in nature, the equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiffs have not stated that they were treated differently from any person with whom they are similarly situated. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Plaintiffs have not made plausible allegations to support any equal protection claim. See, e.g., Coleman, 626 F.3d at 190–91. Thus, plaintiffs have failed to state a claim upon which relief may be granted, and this claim is dismissed.

Finally, in light of the dismissal of plaintiffs' federal claims, the court declines to exercise supplemental jurisdiction over any state-law claims they may have asserted, and dismisses those claims without prejudice. 28 U.S.C. § 1367(c)(3); see Carnegie-Mellon Univ. v. Cohill, 484 U.S.

6

343, 350 n.7 (1988); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 394 (4th Cir. 2012); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

As for plaintiffs' motion for "'an order of protection,'" [D.E. 32], the court construes the motion as one seeking a preliminary injunction or temporary restraining order. The substantive standard for granting a preliminary injunction is the same as that for entering a temporary restraining order. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A preliminary injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22.

Plaintiffs have not established that they are likely to succeed on the merits, that they are likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in their favor, or that an injunction is in the public interest. See, e.g., Adolphe, 2012 WL 2579257, at *2. Thus, plaintiffs have not met their burden of proof. Accordingly, the court denies plaintiffs' motion for an injunction.

II.

In sum, the court GRANTS the motions to dismiss [D.E. 15, 20] to the extent that they relate to federal claims, and DISMISSES plaintiffs' federal claims pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, Rule 12(b)(6). The court declines to exercise supplemental jurisdiction over any state-law claims and DISMISSES plaintiffs' state-law claims WITHOUT PREJUDICE. The court DENIES plaintiffs' motions [D.E. 18, 32]. The clerk shall close the case.

7

SO ORDERED. This 14 day of November 2013.

JAMES C. DEVER III
Chief United States District Judge