IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-680-D

| | | |
|---|---|---|
| DANIEL D. WILLIAMS, and | ) | |
| PATTIE D. WILLIAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On October 5, 2012, Daniel D. Williams and Pattie D. Williams (collectively "plaintiffs"), proceeding pro se, filed a "request to appeal [in] forma pauperis" together with copies of documents concerning a foreclosure proceeding in the Nash County Superior Court [D.E. 1, 1-1]. On December 26, 2012, plaintiffs filed amended motions to proceed in forma pauperis [D.E. 3–4]. On the same date, plaintiffs filed a form complaint asserting "federal question of discrimination due to personal bias" based on purported deficiencies in the state-court proceeding, and naming as defendants BLB Trading ("BLB"), the State of North Carolina ("the State"), and Nash County [D.E. 5]. On November 14, 2013, the court granted defendants' motions to dismiss and denied several motions by plaintiffs, including a motion for a preliminary injunction [D.E. 33].

On November 25, 2013, plaintiffs moved for reconsideration [D.E. 35]. On December 2, 2013, plaintiffs moved for summary judgment [D.E. 37]. On December 9, 2013, plaintiffs moved for a preliminary injunction [D.E. 40]. On December 19, 2013, BLB responded in opposition to the motions [D.E. 41].

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule

59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); see Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). A party's dissatisfaction alone does not give a court reason to reconsider its decision. See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) ("mere disagreement does not support a Rule 59(e) motion").

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious [claim or defense], and that the opposing party will not be unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quotation omitted); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a party meets these threshold conditions, the party must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266.

Plaintiffs cite "newly discovered evidence that [w]asn't considered, yet was produced at trial" and claim "surprise[] by the court[']s challenge [to subject-matter jurisdiction] on its own initiative." Mot. Recons. [D.E. 35] 1; see also Mem. Supp. Pls.' Mot. Summ. J. [D.E. 38] 1. Contrary to plaintiffs' assertion, the court did not address either the merits of plaintiffs' claims or subject-matter

2

jurisdiction sua sponte, but only after defendants filed motions to dismiss and plaintiffs were provided an opportunity to respond. Thus, plaintiffs' motion fails. See, e.g., Green v. Harrison, No. 5:12-CV-480-BO, 2013 WL 2257448, at *1 (E.D.N.C. May 22, 2013) (unpublished); Wachovia Bank, N.A. v. Ellison, 1:07CV00018, 2007 WL 2111578, at *2 (M.D.N.C. July 19, 2007) (unpublished); Clayton v. Ameriquest Mortgage Co., 388 F. Supp. 2d 601, 609 (M.D.N.C. 2005).

In sum, the court DENIES plaintiffs' motion for reconsideration [D.E. 37]. Plaintiffs' motions for summary judgment [D.E. 37] and a preliminary injunction [D.E. 39] likewise lack merit and are DENIED.

SO ORDERED. This 18 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge